**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEKOU MOREY CONDE,<br><br>Petitioner,<br><br>vs.<br><br>IMMIGRATION CUSTOMS ENFORCEMENT (ICE), *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 3:25-cv-581<br>Judge Stephanie L. Haines<br>Magistrate Judge Richard A. Lanzillo |

**MEMORANDUM ORDER**

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Sekou Morey Conde ("Petitioner") (ECF No. 1). Petitioner is detained by Immigration and Customs Enforcement ("ICE") and challenges the constitutionality of his prolonged detention. Petitioner has been in custody since September 8, 2025, and states that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). This matter was referred to Magistrate Judge Richard A. Lanzillo for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On July 6, 2026, Magistrate Judge Lanzillo filed a Report and Recommendation (ECF No. 20) recommending that the Petition (ECF No. 1) be granted to the extent Petitioner requests an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 and denied to the extent that it seeks other relief. ECF No. 20, p. 4. The Parties were advised they could file objections to the Report and Recommendation within fourteen days. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Respondents filed timely Objections (ECF No. 21) noting that the issue in this case is currently pending before the Third Circuit. Petitioner filed

a Response entitled Motion to Enforce Grant of Habeas Corpus (ECF No. 22) and requests release.[1]

Upon review of the record and the Report and Recommendation (ECF No. 20) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Lanzillo in this matter. Judge Lanzillo correctly found that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a), as Petitioner has lived in the United States for an appreciable amount of time, thus, is not properly considered detained under 8 U.S.C. § 1225(b). *See Calzado Diaz v. Noem*, No. 3:25-cv-458, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025), *vacated as moot*, ECF No. 22 (Dec. 17, 2025) ("[T]he Court stresses that the general legal conclusions in the Court's Opinion at ECF No. 16 regarding the application of §§ 1225 and 1226 remain unchanged by this Memorandum Order.")

Accordingly, the following order is entered:

**ORDER**

AND NOW, this 14th day of August, 2026, IT IS ORDERED that the petition for a writ of habeas corpus (ECF No. 1) hereby is GRANTED. Respondents are directed to provide Petitioner with the statutory process required under 8 U.S.C. § 1226(a), which includes a bond hearing before a neutral immigration judge within thirty (30) days of this Order; and,

IT IS FURTHER ORDERED that the bond hearing shall include an individualized determination of whether Petitioner poses a danger to the community or a flight risk under the ordinary § 1226(a) framework. The immigration judge shall state the reasons for the custody determination orally on the record or in writing. If bond is denied, the immigration judge shall identify the principal facts and evidence relied upon in determining that Petitioner poses a danger

[1] Petitioner misunderstood the civil procedure in this case believing that the Magistrate Judge's Report and Recommendation was the final ruling and the Respondents failed to comply with Court orders. The District Judge issues the final determination in this Memorandum Order.

to the community, a flight risk, or both. Nothing in this Order requires the immigration judge to reach any particular custody determination; and,

IT IS FURTHER ORDERED that if Petitioner is not provided with a bond hearing by the timeframe specified, or if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) or related grounds that this Court has rejected, the writ shall issue and Respondents shall immediately release Petitioner from custody; and,

IT IS FURTHER ORDERED that Magistrate Judge Lanzillo's Report and Recommendation (ECF No. 20) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that Respondents' Objections (ECF No. 21) are OVERRULED; and,

IT IS FURTHER ORDERED that Petitioner's Motion to Enforce (ECF No. 22) is DENIED; and,

IT IS FURTHER ORDERED that the Motion for Transfer (ECF No. 19) is denied as moot; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge